CRAWLEY, Judge,
dissenting.
I conclude that the trial court properly-entered summary judgment for Chevron; therefore, I must respectfully dissent.
I agree with the majority that the Restatement Second of Torts, § 388 (1965), applies in this case; however, I believe that the majority has misapplied § 388. Section 388 states:
“One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier
- “(a) knows or has reason' to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and
“(b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and
“(e) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.”
Lawley and Bryant must present substantial evidence of each (a), (b), and (c). I conclude that Lawley and Bryant have not presented substantial evidence of (b).
Our supreme court has interpreted (b) as follows:
“‘[T]o escape liability under clause (b), [Chevron] must have a reasonable belief that the user will learn of the [gas pipe’s] dangerous condition through such warning as the supplier may have furnished the third person.’ Gordon v. Niagara Machine & Tool Works, 574 F.2d 1182, 1189 (5th Cir.1978). Other case law is to the same effect. In Borel v. Fibreboard Paper Products Cotp., 493 F.2d 1076 (5th cir. 1973), cert. denied, Fibreboard Paper Products Corp. v. Borel, 419 U.S. 869, 95 S.Ct. 127, 42 L.Ed.2d 107 (1974), the court held that where an intermediate party is notified of the danger and proceeds deliberately to ignore it and to pass the product on without a warning, the manufacturer is not liable. Id. at 1091. In Jones v. Hittle Service, Inc. [219 Kan. 627, 549 P.2d 1383 (1976)], the Kansas Supreme Court concluded that the manufacturer of propane gas should not be responsible for explosion injuries where the manufacturer ascertained that the distributor to whom it sold in bulk was adequately trained, was familiar with the properties of the gas and the methods for safely handling it, and was capable of passing that knowledge on to his customers. See also Doss v. Apache Powder Co., 430 F.2d 1317 (5th Cir.1970); Wilson v. E-Z Flo Chemical Co., 281 N.C. 506, 189 S.E.2d 221 (1972). All of these cases recognize that a manufacturer, such as [Chevron], ought not be held liable where it has made reasonable efforts to convey warnings and/or product information that, due to circumstances beyond the manufacturer’s control, were not passed on to or received by the ultimate user.”
Purvis v. PPG Industries, Inc., 502 So.2d 714, 719-20 (Ala.1987). I conclude that Chevron had a reasonable belief, as explained by our supreme court in Purvis, that employees of Mobile Gas Company, such as Lawley and Bryant, would realize the danger of the plastic gas pipes and that, therefore, Chevron is not liable for their injuries.
Chevron manufactures plastic gas pipe for commercial use. It is undisputed that Law-ley and Bryant were injured as a result of the build up of static electricity in the plastic pipe which caused the gas from the pipe they were replacing to ignite. The danger of the static electricity build up has been known in the gas pipe production and installation industry for approximately 30 years. Chevron provides a safety bulletin to its commercial clients, such as Mobile Gas, which specifically describes the procedure for installing new plastic gas pipe to avoid ignition from static electricity. This procedure has been known in the gas pipe production and installation industry for several years as well. Mobile Gas also has a safety manual which describes the process of preventing the build up of static electricity and avoiding the ignition of the gas. Lawley testified that he has performed the procedure of replacing old gas line with new plastic pipe approximately 200 *922 times, and Bryant testified he had done so approximately 50 times.
Lawley and Bryant contend that the warning in the safety manual is inadequate and that they did not know of the danger of the pipe; however, as our supreme court has interpreted § 388(b), Chevron must have “a reasonable belief that [Lawley and Bryant] will learn of [the plastic gas pipe’s] dangerous condition through such warning as [Chevron] may have furnished [Mobile Gas].” Given the facts that the danger and the safety precautions have been industry knowledge for more than 30 years, that Chevron still provides a safety manual describing the danger and the precautions for installation of the pipe, and that it only provides this product to commercial customers, Chevron has a reasonable belief that its customers’ employees will realize the industry-wide long-known dangers of installing the plastic pipe.
Therefore, I conclude that the trial court properly entered summary judgment for Chevron, and I must respectfully dissent.
THOMPSON, J., concurs.